UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANETTE RODRIGUEZ                                 CIVIL ACTION

VERSUS                                             NO. 06-8694

LEXINGTON INSURANCE COMPANY                        SECTION B(2)
ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand.  (Rec. Doc. No. 4).  After review of the

pleadings and applicable law, and for the reasons that follow,

IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED.

## *BACKGROUND*

On or about August 29, 2005, Plaintiff sustained significant damage to her residence located at

33578 Highway 11, Buras, Louisiana as a result of Hurricane Katrina.  Plaintiff's relevant Lexington

Insurance Company ("Lexington") Policy was effective on August 29, 2005.

On August 29, 2006 Plaintiff filed suit against Defendants, Lexington, Acadian Insurance

Services, L.L.C. ("Acadian") and John Delong ("Delong") in the 25th Judicial District Court for the

Parish of Plaquemines.  Plaintiff asserted claims of breach of contract and negligence against Defendants.

Defendants removed the matter to federal court claiming diversity of citizenship jurisdiction exists.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy

exceeds $75,000.00 and complete diversity exists between proper parties.  Defendants argue Acadian

and Delong were improperly joined.  Plaintiff contends Acadian and Delong were properly joined as

defendants, therefore, diversity of citizenship is destroyed and Plaintiff moves the Court to remand.

## *DISCUSSION*

A.      **Improper Joinder**

**(1) 12b(6)**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.*  at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id* at 573.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery.  *Id.*  "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiff failed to state a viable claim against Acadian and Delong.  "Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d

104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1]  A petition is only required to state material facts

upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).  Louisiana recognizes

an agent's duty to procure requested insurance.  *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728*

*(La. 1973).*  Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than

merely the procuring of requested insurance, depending on what services the agent holds himself out as

performing and on the specific relationship and agreements between the particular agent and client."

*Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting

*Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiff claims that Acadian represented at the sale of their policy that it would provide adequate

coverage for all damages Plaintiff would sustain during a hurricane.[2]  In addition, Plaintiff further alleges

that she relied upon the advice of Acadian in the procurement of her insurance to adequately protect her

property from hurricane damage.[3]  In short, Plaintiff asserted claims recognized under Louisiana law.

As such, Plaintiff may prove a set of facts in support of claims entitling her to relief.[4]

**(2) Peremption**

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year

peremptive period for claims against insurance agents.  The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered

---

[1]Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

[2]Complaint at ¶ IV.

[3]Complaint at ¶ XIII.

[4]Lexington also asserts that Plaintiff has failed to state a claim against Delong.  Because complete diversity is lacking, however, this Court lacks jurisdiction and cannot determine whether Delong was improperly joined.

or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D. La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95). Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id.* Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiff(s) justifiably relied upon them. *Id.* at *10-*11.

To determine whether Plaintiff's claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiff. Plaintiff asserts in her petition for damages that Acadian represented at the sale of their policy that it would provide adequate coverage for all damages Plaintiff would sustain during a hurricane. In addition, Plaintiff further alleged that she relied upon the advice of Acadian in the procurement of her insurance to adequately protect her property from hurricane damage.

The most recent policy renewal occurred in July 2005. The Court recognizes that annual policy renewals may serve to toll peremption. Therefore, assuming Plaintiff offers adequate evidence that Acadian made negligent misrepresentations and Plaintiff justifiably relied upon them or that Acadian negligently omitted to communicate vital information to Plaintiff within three years of the suit being

4

filed, Plaintiff's claims are not perempted.

In addition, Plaintiff's claims are not prescribed.  Plaintiff asserts that her claims fall within one year from the date that Acadian's alleged  negligent act  was discovered or discoverable.  Any defects in Plaintiff's policy were reasonably discoverable after Hurricane Katrina.  Plaintiff filed suit on August 29, 2006; therefore, her claims fall within the one year prescriptive period.  Thus, the Court finds that Defendants have not proven that Plaintiff does not stand a reasonable possibility of prevailing against Acadian under Louisiana law.  Consequently, Acadian was properly joined.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED.**

New Orleans, Louisiana this 10th day of April, 2007.

UNITED STATES DISTRICT JUDGE